IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLTON POOLS, INC. | : |
| Plaintiff | : |
| v. | : Civil Action No. 14-cv-_____ |
| HAYWARD INDUSTRIES, INC. | : |
| Defendant | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant Hayward Industries, Inc. ("Hayward"), by its undersigned counsel, files this Notice of Removal of this action currently pending in the Court of Common Pleas of Bucks County, Pennsylvania. As grounds for removal, Hayward states as follows:

1. On or about May 15, 2008, the Plaintiff Carlton Pools, Inc. ("Plaintiff" or "Carlton") initiated this action by way of a Complaint in the Court of Common Pleas of Bucks County, Pennsylvania. (Attached as Exhibit 1). The action was docketed as 0804855-30-1.

2. The Complaint allege causes of action for *inter alia* breach of contract.

**Removal Under 28 U.S.C. §§ 1446(b)(3) and 1446(c)**

3. Hayward is removing this case pursuant to 28 U.S.C. § 1332 more than one year after commencement of the action because of the Plaintiff's dilatory actions in prosecuting this case and the plaintiff's bad faith in disclosing the amount in controversy.

4. Removal more than one year after commencement of an action is proper when the equities balance in favor of the defendant. *Various Plaintiffs v. Various Defendants ("Oil Field Cases")*, 673 F. Supp. 2d 358, 364 (E.D Pa. 2009); *see also Ariel Land Owners v. Dring*, 351 F.3d 611, 614-15 (3d Cir. 2003) (citing cases applying equitable considerations); *Tedford v.*

*Warner Lambert Co.*, 327 F.3d 423, 426-28 (stating " the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.").

5. The one year window is procedural – it is not a jurisdictional bar to removal. *Ariel Land Owners,* 351 F.3d at 616.

6. The equitable factors courts consider are (1) "how vigorously the plaintiff prosecuted the action in state court" (2) "whether the defendants were complicit in any delay in removal of the case;" and (3) "whether or not plaintiffs' joining of the non-diverse defendants amounted to 'flagrant forum manipulation.'" *Oil Field Cases*, 673 F. Supp. 2d at 364.

7. In this case, only the first two factors are relevant.

8. It is unequivocal from the factual and procedural history that the conduct of Plaintiff, Carlton, and not any action by Defendant Hayward, is the reason, or reasons, that Hayward was not in a position to remove this case earlier.

**A.   Carlton Initially Sought "Under $50,000" in Damages and Carlton Did Not Vigorously Prosecute the Case After Commencement**

9. The cover sheet to the Complaint stated the damages sought were under $50,000. Similarly, the *ad damnum* clause for each count sought damages not in excess of $50,000.

10. Hayward was served with a copy of the Complaint on or about May 21, 2008, and filed its Answer and New Matter to the Complaint on June 24, 2008. (Attached as Exhibit 2).

11. Carlton waited over two years, until on or about September 17, 2010, to file its Reply to Hayward's New Matter.

12. In November, 2009, Hayward served objections, responses and documents in response to Carlton's discovery requests.

13. Carlton took no further action with respect to Hayward's discovery responses.

14. On October 18, 2012, the Bucks County Prothonotary sent Carlton a Notice, pursuant to local Administrative Order No. 29, stating that the case was subject to termination within 30 days because there had been no docket activity for two years.  (Docket attached as Exhibit 3).

15. Carlton responded on or about November 9, 2012, certifying that the case was an active case.

16. On November 12, 2012, for an unknown reason, Carlton re-served the exact same discovery requests to which Hayward had already responded.

17. Yet, Carlton took no further action in the case until July 29, 2013 when it filed a Motion for Leave to File an Amended Complaint.  (Attached as Exhibit 4).

18. The proposed Amended Complaint, attached as an exhibit to the Motion, alleged for the first time that the alleged damages were in excess of $50,000, which was still not enough for federal diversity jurisdiction.

19. Without the court ever acting on Carlton's Motion, on or about January 30, 2014, Carlton re-filed the identical Motion for Leave to File an Amended Complaint.  (Attached as Exhibit 5).

      **B.**      **Carlton Did Not Disclose to Hayward That It's Alleged Damages Exceeded the Diversity Jurisdiction Threshold Until February 7, 2014**

20. On or about February 7, 2014, Carlton, for the first time, sent Hayward a 295 page "Demand" in which Carlton specifically and explicitly stated that it is seeking $152,548.09 in total damages.  (Pages 1-5 of Demand Attached as Exhibit 6).

21. Carlton had previously, in April 2013, provided Hayward with a demand in which the alleged damages did not exceed $75,000.

22. The February 2014 Demand ("the Demand") is the first paper in which Carlton stated that the amount in controversy exceeds $75,000.

23. The Demand demonstrates that Carlton knew (or certainly should have known) that its alleged damages exceeded $75,000 when it filed this action in 2008, and that Carlton most certainly knew that its alleged damages exceeded $75,000 in 2009 and 2010.

24. Carlton did not disclose this information to Hayward until February 2014.

25. Thus, in accordance with 28 U.S.C. § 1446, this Notice of Removal is timely as it is within thirty (30) days after Hayward received the Demand, which is the first "other paper" in which the Plaintiff alleges that the amount in controversy is in excess of $75,000.

26. Had Carlton provided the Demand information to Hayward within the initial year after commencement, Hayward could have appropriately filed its removal at that time.

27. Carlton misled Hayward into believing that the alleged damages were under $50,000 (the state arbitration limit) (1) at commencement of this action in 2008; (2) in an April 2013 written demand in which the alleged damages did not exceed $75,000; and (3) in its July 2013 Motion for Leave to File an Amended Complaint (and the identical January 30, 2014 motion), wherein Carlton alleged that its damages were in excess of $50,000, which was still not enough for federal diversity jurisdiction.

28. Removal of this action is proper under 28 U.S.C. § 1441(a) and § 1446 because this is an action over which this Court would have original jurisdiction, pursuant to 28 U.S.C. § 1332(a).

**Jurisdiction Under 28 U.S.C. § 1332(a)**

29. Pursuant to 28 U.S.C. § 1332(a), the district courts have original jurisdiction over any action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

30. At the time of filing the Complaint, at the time of filing this Notice of Removal and at all times during the pendency of this matter, the Plaintiff was, upon information and belief, was a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.

31. At the time of filing the Complaint , at the time of filing this Notice of Removal, and at all times during the pendency of this matter, Hayward was a corporation incorporated under the laws of a state other than the Commonwealth of Pennsylvania, with its principal place of business in the State of New Jersey.

32. Considering the Plaintiff's alleged damages of in excess of $152,000, the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

33. The state court where this case was originally filed is located in Bucks County, which is located within the Eastern District of Pennsylvania.

34. Thus, the requirements for diversity jurisdiction are satisfied.

WHEREFORE, Defendant Hayward Industries, Inc. respectfully requests that this Court assume jurisdiction of this case and issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: February 14, 2014

By: /s/ Joshua Roberts
Joshua Roberts, Esq.
Attorney ID Nos. 86687
McCarter & English, LLP

BNY Mellon Bank Center, Suite 700
1735 Market Street
Philadelphia, PA  19103
(215) 979-3874
(215) 988-4305 (fax)

Attorneys for Defendant
Hayward Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the Notice of Removal of Defendant Hayward Industries, Inc., to be served on this 14th day of February 2014, via ECF and first class mail upon the following:

>Kenneth C. Russell, Jr., Esq.
>Baratta, Russell & Baratta
>3500 Reading Way
>Huntingdon Valley, PA 19006
>*Attorney for Plaintiff*

>/s/ Joshua Roberts
>Joshua Roberts